IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 29, 2012 Session

## WILLIAM A. STAFFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 96755     Bob R. McGee, Judge**

_____

**No.  E2011-02119-CCA-R3-HC - Filed August 22, 2012**

_____

Petitioner, William A. Stafford, pled guilty to facilitation of aggravated kidnapping and was sentenced to nineteen years in incarceration.  Petitioner filed a petition for writ of habeas corpus relief that was dismissed by the habeas corpus court.  After a thorough review of the record and briefs on appeal, we conclude that Petitioner has not shown that his sentence was void or that his confinement was illegal.  Therefore, we affirm the habeas corpus court's dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROGER A. PAGE, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, William A. Stafford.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Randall E. Nichols, District Attorney General, and Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

On September 14, 2007, Petitioner, pled guilty to facilitation of aggravated kidnapping.  This charge was a lesser included offense of the charged offense, especially aggravated kidnapping.  He was sentenced as a Range II, multiple offender to a nineteen-year sentence.  On March 23, 2011, Petitioner filed a pro se petition for writ of habeas corpus.  After the appointment of counsel, an amended petition was filed on August 30, 2011.  The

habeas corpus court dismissed the petition on September 22, 2011. Petitioner filed a timely notice of appeal.

## ANALYSIS

Petitioner argues that the habeas corpus court erred in dismissing his petition. The State disagrees.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate by a preponderance of the evidence "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Petitioner argues that the habeas corpus court erred in dismissing his petition because Petitioner's pretrial jail credits were not properly credited and that the judgment entered was incorrect because it did not include the language "of a Minor" with his convicted offense, facilitation of aggravated kidnapping.

However, in his brief, Petitioner states, "The Court, the Assistant District Attorney, or counsel could not find or conclude from a[n] examination of the court records that the

defendant was not in fact awarded all his proper pretrial jail credits." Therefore, with regard to his pretrial jail credit issue, Petitioner has not demonstrated that his "sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

With regard to his argument that the judgment entered was incorrect, Petitioner states in his brief, "The mistake was made by the T.D.O.C. in misreading the Judgment Order to include language "of a Minor" this language was never included in any Judgment Order. . . . In short counsel has found no reported case law or statutory authority in opposition to the Habeas Corpus Trial Court ruling." Therefore, once again, Petitioner has failed to demonstrate that his "sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

Therefore, this issue is without merit.

## **CONCLUSION**

For the above reasons, we affirm the dismissal of Petitioner's petition for writ of habeas corpus relief.

_____
JERRY L. SMITH, JUDGE